UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTHONY D. MATHIS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No.: 3:11-cv-319-TAV-HBG ) |
| DONALD RACKARD and RUSSELL KUHLMAN, | ) ) ) |
| *Defendants*. | ) |

# MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motions to dismiss the complaint filed by defendants Russell Kuhlman and Donald Rackard [Docs. 55 and 57, respectively], and plaintiff's responses. For the following reasons, the motions to dismiss the complaint will be **GRANTED** and this action will be **DISMISSED**.

## I.     Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain

'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns an alleged incident that occurred during his transfer from the Washington County Detention Facility to the Knox County Detention Facility and an alleged incident that occurred during his confinement in the Knox County Detention Facility. Plaintiff named as

2

defendants "Transportation Officer of Knox Co. And A Officer Kuhlman." [Doc. 2, Complaint, p. 2].

In a 12-page attachment to the form 1983 complaint, plaintiff set forth his claims. [*Id*., Attachment 1]. The first nine pages concern the incident that occurred during his transfer. Plaintiff alleges that, on July 26, 2010, he was transferred from the Washington County Detention Facility to the Knox County Detention Facility for an upcoming hearing in the Knox County Criminal Court. [*Id*. at 1]. He was signed over to the Knox County Sheriff's Office transportation officers in the intake area of the Washington County Detention Facility while sitting in his personal wheelchair, was searched and handcuffed, and then rolled into the sally port to the Knox County vehicle. [*Id*.]. At that time, plaintiff alleges the following occurred:

> As the one officer from Knox Co. roll me out to there vechicle along the side of the Black transportation vechicle. As talkin in general, The the one officer stated that this wheelchair is not riding in the Transport vechicle to go too Knox Co. I stated this is my personal wheelchair at the time being roll next to the vechicle. As the one officer said This is not my wheelchair and I explain quickly to the Knox Co. Transportation Officer that this was indeed my personal wheelchair, I was ingored to the fact. The one officer then open the rear passenger door of the black Transportation vechicle. Suddenly with out notice, The officer in plain Clothes snatch me up forcefully with both of his hands by placing them in the middle of the handcuffs thats was place on me. I feel that this matter could have been easily resolved in the intake area of the Washington Co. booking area, but the situation went easily out of control. As i was snatch up i felt my arm burnning and in my lower back. As i am to a standing position out of the wheelchair as the one plain clothes officer place both of his hands to the side of my arms, turn me so quick spun me facing the rear of the vechicle door that was not open. I was than kneed in my lower mid back very hard by the one plain clothes officer enormous body strength. I collaspe to my knees hitting the left side of my Face on the edge of the Frame of the black Transportation vechicle....

3

[*Id*. at 1-2 (spelling, grammar, and punctuation errors in original].

The remainder of the first nine pages describe in detail the pain plaintiff allegedly suffered, what happened to his wheelchair, what occurred after his arrival at the Knox County Detention Facility and the fact that the authorities there provided him with a wheelchair, the fact that plaintiff previously had back surgery, the injuries plaintiff claims he suffered as a result of being kneed in the back, and the problems he has had since his return to the Washington County Detention Facility. [*Id*. at 1-9].

The last three pages of the 12-page attachment concern plaintiff's claim against defendant Kuhlman. Plaintiff alleges that on November 4, 2010, defendant Kuhlman was passing out the breakfast trays at the Knox County Detention Facility and, after approximately fifteen minutes, making his rounds to collect the trays. [*Id*. at 10]. According to plaintiff, he was in a wheelchair in a non-handicapped cell which made it difficult for him to hand his tray out by hand so he placed the tray on top of the sink fixture and returned to his bunk to lie down. [*Id*.]. When defendant Kuhlman came to collect plaintiff's tray, he allegedly yelled at plaintiff to get up and pass his tray out. [*Id*.]. Plaintiff claims that when he failed to do so, defendant Kuhlman entered plaintiff's cell and kicked plaintiff's left foot three times, telling him to get up. [*Id*. at 11]. The defendant then left the cell with the tray. [*Id*.]. Plaintiff alleges that he was treated for a cramp and muscle spasm in his leg and back as a result of the kicks. [*Id*.]. Plaintiff also alleges that when questioned by a supervisor, defendant Kuhlman stated that he only kicked plaintiff's bunk three times. [*Id*. at 12].

Subsequent to filing his complaint, plaintiff sent the Court a letter noting that "Officer Racker" was the John Doe Transportation Officer [Doc. 8, Letter], later identified as Officer Donald Rackard. Both defendants Donald Rackard and Russell Kuhlman were eventually served with process and each has filed a motion to dismiss the complaint.

### III. Discussion

Defendant Rackard moves to dismiss the complaint against him and claims that it does not allege facts showing that he used excessive force against the plaintiff. As defendant Rackard points out, the complaint alleges the use of excessive force by a "plain clothes" officer and not the "transportation officer" later identified as Officer Racker/Rackard.

In his response to the motion to dismiss, plaintiff merely states that defendant Rackard is the individual who used excessive against him and refers to the attachment to his complaint. Plaintiff's response is not sworn, however, and it cannot supplant his original complaint. *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("'[A] court may not consider unsworn statements when ruling on a motion for summary judgment.'") (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991)); *Pollock v. Pollock*, 154 F.3d 601, 612 n. 20 (6th Cir. 1998) ("An unsworn affidavit cannot be used to support or oppose a motion for summary judgment."). Plaintiff's complaint thus fails to state a claim for excessive force against defendant Rackard.

To the extent plaintiff claims that defendant Rackard denied plaintiff adequate medical care when he took his wheelchair, the complaint likewise fails to state a claim in that regard. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or

5

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

Plaintiff admits that he was given a wheelchair upon his arrival at the Knox County Detention Facility. Under the circumstances, the Court finds that plaintiff's allegations that he was transported from the one detention facility to another without his wheelchair fails to satisfy either the objective or subjective components of the *Estelle* standard.

Defendant Kuhlman also moves to dismiss the complaint against him for failure to state a claim for excessive force. The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." However, "not every intrusion upon a

6

Case 3:11-cv-00319-TAV-HBG   Document 66   Filed 02/24/14   Page 6 of 9   PageID #: 284

prisoner's bodily integrity will rise to the level of an Eighth Amendment violation." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Pursuant to the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has interpreted § 1997d(e) to require a prisoner bringing any claim under the Eighth Amendment to show an actual physical injury. *See Scott v. Churchill*, No. 97-2061, 2000 WL 519148 at *3 (6th Cir. April 6, 2000) (unpublished decision) ("prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim"); *Thaddeus-X v. Wozniak*, No. 99-1720, 2000 WL 712383 at *3 (6th Cir. May 23, 2000) (unpublished decision) (a prisoner "must show that he suffered more than de minimis injury" in order bring an Eighth Amendment claim for physical injury); *Tensley v. Perry*, No. 97-2280, 1999 WL 96986 at *1 (6th Cir. February 2, 1999) (unpublished decision) ("42 U.S.C. §1997e(e) now requires that a prisoner show actual physical injury to recover for violations of his Eighth Amendment rights").

7

In considering what constitutes an actual physical injury, the Fifth Circuit has held:

> In the absence of any definition of "physical injury" in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus* [sic], but need not be significant.
>
> We conclude that Siglar's alleged injury--a sore, bruised ear lasting for three days--was *de minimis*. Siglar has not raised a valid Eighth Amendment claim for excessive use of force nor does he have the requisite physical injury to support a claim for emotional or mental suffering. We therefore hold that the district court did not abuse its discretion in ordering the dismissal of Siglar's claims.

*Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (citation omitted). The U.S. District Court for the Northern District of Texas has observed that "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997).

As noted, plaintiff's only claim of injury was a cramp and muscle spasm. Under the *Twombly* standard, plaintiff has failed to state a claim that defendant Kuhlman's alleged use of physical force was more than de minimis.

Plaintiff's complaint fails to state claim against the defendants. Accordingly, the motions to dismiss filed by defendants Donald Rackard and Russell Kuhlman are well-taken and will be **GRANTED**.

8

## IV. Conclusion

The motions to dismiss filed by defendants Donald Rackard and Russell Kuhlman will be **GRANTED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:11-cv-00319-TAV-HBG   Document 66   Filed 02/24/14   Page 9 of 9   PageID #: 287